# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
07/25/2016
CT Log Number 529555657

| | |
|---|---|
| **TO:** | Claudia McCarthy, Director of Finance/Controller<br>Information Innovators, Inc.<br>7400 Fullerton Rd Ste 210<br>Springfield, VA 22153-2830 |
| **RE:** | **Process Served in New Mexico** |
| **FOR:** | Information Innovators, Inc.  (Domestic State: VA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Carrilo, Pltf. vs. Information Innovators Inc., etc., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Civil Summons, Return of Service, Complaint, Attachment(s), Jury Demand, Order |
| **COURT/AGENCY:** | Dona Ana County - Third Judicial District Court, NM<br>Case # D307CV201601718 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Espanola, NM |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/25/2016 postmarked on 07/22/2016 |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael J. Cadigan<br>Cadigan Law Firm, P.C.<br>3840 Masthead NE<br>Albuquerque, NM 87109<br>505-830-2076 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783661790652 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>206 S Coronado Ave<br>Espanola, NM 87532-2792<br>360-357-6794 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Cadigan Law Firm, P.C.
3840 Masthead Street, N.E.
Albuquerque, NM 87109-

**USPS CERTIFIED MAIL**



9414 7102 0088 1096 2832 36

**$7.78**   US POSTAGE
JUL 22 2016   Mailed from ZIP 87109
5 oz First-Class Mail Flats Rate



endicia.com   071V0075D716

Information Innovators, Inc.
c/o CT Corporation System
206 S Coronado Ave
**Espanola, NM 87532-2792**

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

ROBERT CARRILLO,

      Plaintiff,

v.                                                              No. D-307-CV-2016-01718

INFORMATION INNOVATORS INC.,
a Virgina Corporation,

      Defendant.

## CIVIL SUMMONS

TO:  **INFORMATION INNOVATORS INC.**
     7400 Fullerton Rd, Suite 210
     Springfield, VA 22153

GREETINGS:

     You are hereby directed to serve a pleading or motion in response to the Complaint for
Damages for Violation of Title VII (Discrimination Based on Race/Ethnicity), Promissory
Estoppel, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Bad
Faith Breach of Contract THIRTY (30) days after service of this summons, and file the same, all
as provided by law.

     You are notified that, unless you so serve and file a responsive pleading or motion, the
plaintiff will apply to the court for the relief demanded in the complaint.

                                   Michael J. Cadigan
                                   CADIGAN LAW FIRM, P.C.
ATTORNEY FOR PLAINTIFF:        3840 Masthead NE
                                   Albuquerque, New Mexico 87109
                                   (505) 830-2076   (505)830-2385 fax
                                   cadigan@cadiganlaw.com

     WITNESS, the Honorable James T. Martin, district judge of the third judicial district
court of the State of New Mexico, and the seal of the district court of Doña Ana County, dated

This 20th day of July, 2016 at Las Cruces.

Claude Bowman
Clerk of the Court

BY   *Vangie Cuaron*

Deputy Vangie Cuaron

## R E T U R N OF SERVICE

STATE OF _____          )
                                    ) ss.
COUNTY OF _____         )

    I, being sworn, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the _____ day of _____, 2016, by delivering a copy thereof, with a copy of the Complaint, Certificate of Arbitration and Jury Demand attached, in the following manner:

*(check one box and fill in appropriate blanks)*

☐    to the Defendant _____ (*used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint*).

☐    to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached in the following manner:

    ☐  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____ , (*used when the Defendant is not presently at place of abode*) and by mailing by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*) a copy of the Summons and Complaint.

☐    to _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by First Class Mail to the Defendant at _____ (*insert Defendant's business address*) and by mailing the Summons and Complaint by First Class Mail to the Defendant at _____ (*insert Defendant's last known mailing address*).

☐    to _____, an agent authorized to receive service of process for Defendant _____ _____ .

☐    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of Defendant _____ (*used when Defendant is a minor or an incompetent person*).

☐    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (if any)

Subscribed and sworn to before me this _____ day of _____, 2016.

_____
Judge, Notary or other officer authorized to administer oaths

_____
Official title

My Commission Expires: _____

*If service is made by the Sheriff or Deputy Sheriff of a New Mexico County, the signature of the Sheriff or Deputy
Sheriff need not be notarized.

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/19/2016 2:52:23 PM
CLAUDE BOWMAN
Noemi Ramirez

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

ROBERT CARRILLO,

     Plaintiff,

v.                  No. _____ D-307-CV-2016-01718

INFORMATION INNOVATORS INC.,       Martin, James T.
a Virgina Corporation,

     Defendant.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF TITLE VII (DISCRIMINATION BASED ON RACE/ETHNICITY), PROMISSORY ESTOPPEL, BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BAD FAITH BREACH OF CONTRACT**

COMES NOW Robert Carrillo, by and through his counsel of record, Cadigan Law Firm,

P.C. (Michael J. Cadigan and Kristina Caffrey), and for his Complaint, states as follows:

## PARTIES

1.    Robert Carrillo is a resident of Dona Ana County, New Mexico.

2.    Information Innovators Inc. is a foreign corporation with its principal place of

business in Virginia, and it has at times also had an office in Sierra Vista, Arizona.

3.    Information Innovators is sometimes known as "Triple I."

## JURISDICTION

4.    Personal jurisdiction is proper under the New Mexico Long Arm Statute, NMSA

1978 § 38-1-16, because Information Innovators transacted business in New Mexico,

purposefully availed themselves of the privileges of doing business in New Mexico, purposefully

sought out the services of a New Mexico resident, entered into an employment contract with a

New Mexico resident, and committed torts within New Mexico.

5.     The events which give rise to this lawsuit arose from Information Innovators'
transaction of business in New Mexico, employment of a New Mexico resident, and commission
of torts within New Mexico.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.     Robert Carrillo is a longtime resident of New Mexico who has decades of
experience in overseeing and fulfilling contracts with the Department of Defense.

7.     Carrillo's experience includes many years working for private defense contractors
engaged in servicing White Sands Missile Range and the Army Research Laboratory in
Alamogordo, New Mexico.

8.     Prior to Carrillo's employment with Defendant Information Innovators, he had
worked for several years for Serco, Inc., an international firm concentrating in part on military
support services.

9.     In this work with Serco, Carrillo worked on the management and development of
several contracts with the United States Department of Defense, specifically in the areas of IT
services, networking, and cyber-security.

10.     In his time with Serco and predecessor companies, Carrillo's primary location of
work for the last 26 years was at White Sands Missile Range.

11.     Carrillo also worked on projects which supported military operations at Fort Hood
(Texas) and Adelphi, Maryland.

12.     In the time immediately prior to his employment with Defendant Information
Innovators, Carrillo's primary responsibility for Serco was working on the management and
development of Serco's contract to provide IT services for White Sands Missile Range and the
associated Army Research Laboratory.

13.     Serco's contract to provide IT services at White Sands Army Research Laboratory was due to be put out for re-bid and re-competition in or around 2013-2014, as were several other Serco contracts.

14.     In December 2012, Junji Takahashi, an employee of Information Innovators Inc., approached Carrillo about Carrillo potentially becoming employed by Information Innovators Inc.

15.     Carrillo knew Takahashi from previous work at a different defense contractor.

16.     Takahashi indicated that Information Innovators had an opening for Carrillo. Takahashi and Carrillo discussed compensation.

17.     Takahashi told Carrillo that if Carrillo came to work for Information Innovators, Inc., Carrillo would be eligible for performance and success bonuses and stock options. The success bonuses were up to 0.5% of the value of any Department of Defense contracts won by or awarded to Information Innovators.

18.     Carrillo decided to think it over, and he did not initially hear back from Takahashi.

19.     After approximately one month, Carrillo called Takahashi to ask for more details about potential stock options at Information Innovators.

20.     Takahashi told Carrillo that the stock options were valued at $700,000.

21.     Carrillo had one more conversation with Takahashi regarding the stock options, in which Takahashi said Carrillo would become eligible for the stock options after one year of employment, and that they were valued at $500,000.

22.     Based on this information, Carrillo decided to move forward with employment with Information Innovators and to cease working for Serco.

3

23.    In reliance on the promises of bonuses and stock options represented by Takahashi, Carrillo decided to quit his job at Serco and go work for Information Innovators.

24.    Takahashi indicated to Carrillo that Laura Hanson of Information Innovators would send a hire letter and hiring package.

25.    However, Ms. Hanson did not send anything to Carrillo.

26.    Finally, Takahashi himself sent the hire letter to Carrillo. Carrillo's signed copy is attached here as Exhibit A.

27.    The hire letter makes specific reference to performance bonuses and stock options.

28.    Carrillo signed the letter and sent it back to Ms. Hanson.

29.    Carrillo was to work primarily out of his home in Las Cruces, but was also expected to appear on occasion in Information Innovators' Sierra Vista, Arizona office.

30.    Carrillo was the only Hispanic employee who worked out of the Sierra Vista office.

31.    Carrillo's job at Information Innovators was to attempt to win or otherwise secure government contracts for Information Innovators and to develop and maintain government contracts.

32.    Carrillo's job required travel, as Carrillo had to visit government locations to develop capture strategy for positioning Triple-I to win the contract as either the prime or sub-contractor

33.    Soon after Carrillo's hire, Takahashi moved out of Carrillo's chain of command and to a different part of the company.

34.    Carrillo's immediate supervisor was Laura Hanson, a younger, non-Hispanic woman.

35.     The staff at the Sierra Vista location did not welcome Carrillo and did not make any efforts to enable him to do his job.

36.     The first day Carrillo visited the Sierra Vista office, he tried striking up a conversation with Dave Oathout, who was Laura Hanson's second-in-command. Oathout asked Carrillo, "Do you have your PMP Cert or are you just a regular old Joe Schmoe?" His demeanor was not kidding, but was rather rude and belittling.

37.     Hanson was reluctant or slow to approve travel plans or travel expenses for Carrillo, which resulted in Carrillo being unable to perform an essential part of this job (managing relationships with defense representatives at job sites).

38.     In July 2014, Carrillo was ordered to stop traveling altogether.

39.     Carrillo did not receive an evaluation during his time with Defendant, and as a result was not eligible for any performance-based bonuses.

40.     Carrillo was routinely omitted from group meetings, documents, and down-flow of information relevant to his position as Business Development/Capture Management.

41.     Carrillo was denied access to documents necessary to do his job.

42.     He did not get a response to his request for information from the Sierra Vista Office regarding an opportunity coming out of the Ft. Huachuca contracting office.

43.     Carrillo's one year anniversary with the company came and went, but he did not receive any information about the promised stock options.

44.     Carrillo then asked Takahashi about the promised stock options, and Takahashi replied that the situation was under review with upper management.

45.     Carrillo never received an answer regarding the stock options, nor did he ever receive any other information regarding his eligibility or how do collect on the options.

5

46.     Despite the limitations on his ability to do his job, Carrillo did bring in some successes to Information Innovators, including the Chief Information Officers-Solutions and Partners 3 Government-Wide Acquisition Contract program run through the National Institutes of Health. Carrillo brought the opportunity to Information Innovators, and Information Innovators acquired a smaller company which was successfully awarded part of the contract.

47.     Between Carrillo's hire at Information Innovators and his eventual termination, Carrillo did not receive any warnings or discipline regarding failure to meet job requirements.

48.     Carrillo was abruptly terminated by Information Innovators in March 2015.

49.     Carrillo was unemployed for 10 months before he could find substitute employment.

50.     Carrillo was making a salary of $150,000 per year, but he makes only $100,000 in his substitute employment.

51.     Carrillo filed a charge of discrimination with the EEOC/New Mexico Human Rights Bureau in November 2015.

## CAUSE OF ACTION ONE: DISCRIMINATION IN VIOLATION OF TITLE VII, ON THE BASIS OF ETHNICITY

52.     Plaintiff incorporates each preceding paragraph.

53.     Carrillo is Hispanic.

54.     He was the only Hispanic employee of Information Innovators at the Sierra Vista, Arizona office.

55.     Other employees at the Sierra Vista office were hostile to Carrillo and withheld information and materials necessary to do his job.

56.     Laura Hanson, Carrillo's immediate supervisor, was cold and distant to Carrillo and withheld the information, materials, and resources necessary for Carrillo to do his job.

57.     Ms. Hanson is significantly younger than Carrillo and is not Hispanic.

58.     Non-Hispanic employees working out of the Sierra Vista office did not have their travel budgets cut or restricted in the manner in which Carrillo's was.

59.     Non-Hispanic employees working out of the Sierra Vista were not excluded from information in the manner in which Carrillo was.

60.     In statements to the EEOC, Information Innovators claimed that "lack of work" was the reason for Carrillo's termination. However, no other employees were let go from the Sierra Vista location at the time of Carrillo's termination.

61.     Information Innovators' claim of lack of work is mere pretext for discrimination.

62.     Upon information and belief, other Information Innovators employees received stock options on schedule, even though Carrillo did not.

63.     Carrillo was treated differently than non-Hispanic employees.

64.     Carrillo's ethnicity (Hispanic) was a cause of Information Innovators' termination of his employment.

65.     Information Innovators has violated Title VII of the Civil Rights Act of 1964 by discriminating against Carrillo on the basis of his ethnicity and terminated his employment because of Carrillo's ethnicity.

66.     As a result of the unlawful termination, Carrillo has suffered lost wages, lost benefits, and other damages.

67.     WHEREFORE, Carrillo requests judgment in his favor and damages in an amount to be provide at trial, attorney fees, costs, and whatever other relief the Court deems justified.

## CAUSE OF ACTION TWO: PROMISSORY ESTOPPEL

68.     Plaintiff incorporates each preceding paragraph.

69.   Information Innovators, including through its employee Takahashi, promised that if Carrillo became employed by Information Innovators, he would receive valuable stock options and be eligible for valuable performance bonuses.

70.   This promise induced Carrillo's reliance and induced Carrillo to leave his previous employment at Serco.

71.   Carrillo's reliance on Information Innovators' promises was reasonable.

72.   Carrillo quitting his job at Serco in favor of employment with Information Innovators was a substantial change in position.

73.   Carrillo quitting his job was a foreseeable to Information Innovators.

74.   Despite Information Innovators' promises, Carrillo did not receive stock options according to the schedule promised by Information Innovators.

75.   Despite Information Innovators' promises, Carrillo did not receive performance bonuses, in part because Information Innovators failed to give Carrillo an evaluation.

76.   Enforcement of Information Innovators' promises is necessary to prevent injustice.

77.   Not only did Information Innovators not fulfill its promises, it terminated Carrillo's employment rather than pay Carrillo the promised bonuses or stock options.

78.   Because of Information Innovators' promises, Carrillo left a stable, valuable, and well-paying job with Serco.

79.   Carrillo has suffered lost wages, lost benefits, and other damages as a result of Information Innovators' actions.

80.   WHEREFORE, Carrillo requests judgment in his favor and damages in an amount to be provide at trial, attorney fees, costs, and whatever other relief the Court deems justified.

## CAUSE OF ACTION THREE: BREACH OF CONTRACT

8

81.    Plaintiff incorporates each preceding paragraph.

82.    Information Innovators entered into a contract with Carrillo via the hire letter
attached as Exhibit A.

83.    The contract was supported by consideration, namely Carrillo's agreement to
work for Information Innovators.

84.    The hire letter stated, "You shall also receive a success fee (e.g., commissions)
where your efforts have resulted in prime contract awards to the Company. For each prime
contract award that resulted directly, or substantially, from your services, you shall receive 0.5%
(.005) of the total contract value."

85.    Carrillo's services directly or substantially resulted in Information Innovators
gaining knowledge of the National Institutes of Health Chief Information Officers-Solutions and
Partners 3 Government-Wide Acquisition Contract program, acquiring a smaller company which
could bid for the project, and being an awardee of the project.

86.    Despite this, Carrillo did not receive the success fee commission.

87.    The hire letter stated, "At your one-year anniversary, you will also be eligible for
participation in the corporate equity unit option incentive plan ('stock options')."

88.    At Carrillo's one-year anniversary, Information Innovators did not take any steps
to fulfill its promise of Carrillo's participation in the corporate equity unit option incentive plan.

89.    When Carrillo questioned and followed up on this promise, Information
Innovators did not respond and denied Carrillo the contracted-for participation.

90.    Carrillo has suffered economic damages, including the value of the stock options
and success commission, as a result of Information Innovators' actions.

91.    WHEREFORE, Carrillo requests judgment in his favor and damages in an amount
to be provide at trial, attorney fees, costs, and whatever other relief the Court deems justified.

9

## CAUSE OF ACTION FOUR: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

92.     Plaintiff incorporates each preceding paragraph.

93.     Information Innovators entered into a contract with Carrillo via the hire letter attached as Exhibit A.

94.     The contract was supported by consideration, namely Carrillo's agreement to work for Information Innovators.

95.     Every contract in New Mexico carries with it a covenant of good faith and fair dealing.

96.     The concept of the implied covenant of good faith and fair dealing requires that neither party do anything that will injure the rights of the other to receive the benefit of their agreement.

97.     Information Innovators acted in bad faith by preventing Carrillo's success in his employment.

98.     Information Innovators denied Carrillo the tools and information necessary to succeed in his position.

99.     Information Innovators injured the right of Carrillo to receive the benefit of the agreement by preventing him from fully succeeding in his employment.

100.    Carrillo has suffered economic damages, including the value of the stock options and success commission, lost wages, and lost benefits, as a result of Information Innovators' actions.

101.    WHEREFORE, Carrillo requests judgment in his favor and damages in an amount to be provide at trial, attorney fees, costs, and whatever other relief the Court deems justified.

## CAUSE OF ACTION FIVE: BAD FAITH BREACH OF CONTRACT

102.    Plaintiff incorporates each preceding paragraph.

10

103. Information Innovators entered into a contract with Carrillo via the hire letter attached as Exhibit A.

104. The contract was supported by consideration, namely Carrillo's agreement to work for Information Innovators.

105. The hire letter stated, "You shall also receive a success fee (e.g., commissions) where your efforts have resulted in prime contract awards to the Company. For each prime contract award that resulted directly, or substantially, from your services, you shall receive 0.5% (.005) of the total contract value."

106. Carrillo's services directly or substantially resulted in Information Innovators gaining knowledge of the National Institutes of Health Chief Information Officers-Solutions and Partners 3 Government-Wide Acquisition Contract program, acquiring a smaller company which could bid for the project, and being an awardee of the project.

107. Despite this, Carrillo did not receive the success fee commission.

108. The hire letter stated, "At your one-year anniversary, you will also be eligible for participation in the corporate equity unit option incentive plan ('stock options')."

109. At Carrillo's one-year anniversary, Information Innovators did take any steps to fulfill its promise of Carrillo's participation in the corporate equity unit option incentive plan.

110. When Carrillo questioned and followed up on this promise, Information Innovators did not respond and denied Carrillo the contracted-for participation.

111. Information Innovators' breach of these contractual provisions was done in bad faith.

112. The bad faith is additionally shown by the fact that Information Innovators terminated Carrillo's employment shortly afterward.

11

113.    Carrillo has suffered economic damages, including the value of the stock options

and success commission, lost wages, and lost benefits, as a result of Information Innovators'

actions.

114.    WHEREFORE, Carrillo requests judgment in his favor and damages in an amount

to be provide at trial, punitive damages, attorney fees, costs, and whatever other relief the Court

deems justified.

Respectfully submitted,

CADIGAN LAW FIRM, P.C.,

By /s/ Michael J. Cadigan
    Michael J. Cadigan
    Kristina Caffrey
    *Counsel for Plaintiff*
    3840 Masthead Street, N.E.
    Albuquerque, New Mexico 87109
    (505) 830-2076
    (505) 830-2385 (fax)
    cadigan@cadiganlaw.com
    kristina@cadiganlaw.com

12



**Information Innovators Inc.**
Insight · Integration · Impact

17 May 2013

Robert Carrillo
PO Box 211
Dona Ana, NM 88032

Dear Robert,

On behalf of Information Innovators Inc. (Triple-i), it is my pleasure to offer you the position of Director, T&E Programs at our Sierra Vista, Arizona office. Your primary work location will be in your current residence in Las Cruces, NM.

While your start date is negotiable, we anticipate start date of July 1, 2013.

We extend this offer, and the opportunity it represents, with great confidence in your capabilities and leadership.

This position is a full time exempt position. Triple-i's pay periods are semi-monthly and your compensation will be $6,250.00 per pay period. This is the equivalent of $150,000.00 annually.

Additionally, you will be eligible to receive an annual bonus based on your contribution to corporate performance and a "success" bonus package, in accordance with the schedule and terms found in Attachment A. This schedule may be revised, should it be necessary, for future years.

You will report directly to the Vice President and General Manager of the Defense Solutions Business Unit of the Company.

You will be eligible to participate in the following benefit offerings:

- Medical, Dental, and Vision
- Long-Term Disability/Short-Term Disability Plans
- Optional supplemental Long-Term Disability insurance
- Life Insurance/AD&D
- 401K plan with Company Match
- 4 weeks of paid time off (PTO), in addition to 10 paid holidays

Information Innovators, Inc. expects you to personally maintain and provide leadership in accordance with the Triple-i Standards of Business Conduct. If you are subject to a non-disclosure/proprietary agreement with another party, we expect you to abide by all provisions of that agreement. You have communicated to us that you are not subject to a non-compete agreement.



Information Innovators Inc.
Insight · Integration · Impact

This offer and continued employment is based upon obtaining and maintaining any and all necessary access, badges, permissions, and clearance levels that may be required by your position.

Your employment will be at-will and this offer does not create a contract of employment or employment for a specified term, it is our hope that your acceptance of our contingent offer will be the beginning of a mutually beneficial and profitable relationship.

To accept the terms of this letter, please sign below in the space provided and return (scan and e-mail is acceptable) to Denise Wilder (dwilder@iiinfo.com).

Everyone you have met over the course of our discussions joins me in welcoming you to Triple-i.

Sincerely,

_____
Laura A. Hanson


_____                    5/28/2013
Robert Carrillo                            Date


CC:    HR
       Denise Wilder, Chief Financial Officer



Information Innovators Inc.
Insight • Integrative • Impact

## Attachment A

The following incentive opportunity schedule is provided as an additional motivation to achieve corporate objectives:

### Corporate Leadership Incentive Plan (Annual Bonus)

You shall be eligible to receive an annual bonus based on a target of 20% of your base salary (20% X $150k = $30k). The FY2013 Leadership Incentive Compensation Plan ("Triple-i Bonus Plan") is a bonus opportunity tied directly to your contributions to the performance of both the corporate segment under your leadership, and of the company. Measures shall include program technical and financial performance, progress in developing sound succession plans for the leadership and management of TESS, and support of Corporate business objectives.

### Business Opportunity Success-based Bonus Opportunities

You shall also receive a success fee (e.g., commissions) where your efforts have resulted in prime contract awards to the Company. For each prime contract award that resulted directly, or substantially, from your services, you shall receive 0.5% (.005) of the total contract value (base and option periods). You shall receive commission payments in two installments: 1) one hundred twenty (120) days after prime contract award; and 2) fourteen (14) months after prime contract award.

> Example:       On 01/01/14, as a direct or substantial result of your services, the ARL awards Information Innovators Inc. a contract award valued at $10,000,000.00, inclusive of the base and option periods. Consultant would receive commissions in the amount of $50,000.00. Payment Schedule: 05/01/14 - $25,000.00; 03/01/15 - $25,000.00.

### Corporate Stock Incentive Program

At your one-year anniversary, you will also be eligible for participation in the corporate equity unit option incentive plan ("stock options"). Grants will have a strike price, equal to the fair market value of the underlying common equity of the company at the date of grant. All grants shall be subject to four-year vesting from the date of issuance, with accelerated vesting of all grants upon a change of control.

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/19/2016 2:52:23 PM
CLAUDE BOWMAN
Noemi Ramirez

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**ROBERT CARRILLO,**

      **Plaintiff,**

v.                                                    No. _____ D-307-CV-2016-01718 _____

**INFORMATION INNOVATORS INC.,**                            Martin, James T.
**a Virgina Corporation,**

      **Defendant.**

## JURY DEMAND

Plaintiff Robert Carrillo, through his counsel of record, Cadigan Law Firm, P.C. (Michael

J. Cadigan and Kristina Caffrey), hereby demands a jury of six (6) in the above-referenced

matter.

Respectfully submitted,

CADIGAN LAW FIRM, P.C.,

By /s/ Michael J. Cadigan _____
    Michael J. Cadigan
    Kristina Caffrey
    *Counsel for Plaintiff*
    3840 Masthead Street, N.E.
    Albuquerque, New Mexico 87109
    (505) 830-2076
    (505) 830-2385 (fax)
    cadigan@cadiganlaw.com
    kristina@cadiganlaw.com

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/20/2016 10:52:11 AM
CLAUDE BOWMAN
Evangeline Cuaron

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

ROBERT CARRILLO ,

                Plaintiff,

v.                                  **Case No. D-307-CV-2016-01718**
                                  **James T. Martin ·**

INFORMATION INNOVATORS INC.,
A Virgina Corporation

                Defendant.

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

**IT IS SO ORDERED:**

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service.   Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.    Sixty (60) days after the complaint is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge.   Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C (*See Appendix to the local rules for all forms*), or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C.    Any party who enters the case more than sixty (60) days after the filing of the complaint shall file a scheduling report within ten (10) days.

D.    If all parties are not of record withing sixty (60) days of the filing of the initial pleadings, the party making claims against the absent parties (*Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.*) shall, within five (5) business days after the 60th day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E.    Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) days for the filing of a responsive pleading without a motion and order.   The motion shall state with particularity the reason an enlargement is in the best interests of the parties.   A copy of the motion and stipulation shall be delivered to all parties as well as counsel.   The enlargement requested shall be for a specified time.

F.    When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.    If appropriate, the court will refer this matter to settlement facilitation under Part VII of the Local Rules of the Third Judicial District Court.

H.    For cases subject to arbitration under Local Rule LR3-706 NMRA, the parties may file a written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned judge within sixty (60) days after the complaint has been filed or ten (10) days after all parties are jointed if LR3-Form 2.14 NMRA has been filed.   If the parties cannot stipulate, the party seeking waiver of facilitation may file a motion for relief from facilitation.

I.     Within seventy-five (75) days from the date the complaint was filed, or fifteen (15) days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

   (1)    stipulate to a discovery plan and file the stipulation with the court, or

   (2)    request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-016 NMRA.

   (3)    In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:
   Within one hundred (100) days after the complaint was filed or fifteen (15) days

after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.   The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

b.   A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.   A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.   For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.   If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties.   The parties shall confer regarding the nature and extent of the release and stipulate, if possible.   If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court.   A copy of the memorandum and proposed form shall be delivered to the assigned judge.   Rule 1-007.1 NMRA shall apply.

J.   Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph I of this Order.

K.   Intent to Call Expert Witness - Disclosure.      No later than sixty (60) days after filing their respective complaint or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)".   The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony.   If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify on.   With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16B Scheduling Order.

_____

DISTRICT COURT JUDGE

Delivered to Plaintiff on July 20, 2016.

Claude Bowman
Clerk of the District Court

_____

Deputy – Vangie Cuaron



# EXHIBIT 2

STATE OF STATE COURT
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

ROBERT CARRILLO,

                Plaintiff,                       Case No. D-307-2016-01718

vs.                                       Honorable James T. Martin

INFORMATION INNOVATORS, INC., a
Virginia Corporation,

                Defendant.

## NOTICE TO ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

**TO:   PLAINTIFF ROBERT CARRILLO**

     **PLEASE TAKE NOTICE** that on August 22, 2016, Defendant Information Innovators,

Inc. ("Defendant") filed a Notice of Removal of Civil Action in the United States District Court

for the District of New Mexico.  A copy of that Notice of Removal of Civil Action is attached as

**Exhibit A**.

     Respectfully submitted this 22nd day of August, 2016.

                             Respectfully submitted,

                             */s/ Charlotte Lamont*
                             Charlotte Lamont
                             LITTLER MENDELSON, P.C.
                             201 Third St. NW, Suite 500
                             Albuquerque, NM  87102
                             505.944.9680 (Telephone)
                             505.944.9681 (Facsimile)
                             clamont@littler.com
                             Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2016, a copy of the foregoing was served by U.S. Mail on all counsel of record as follows:

Michael J. Cadigan
Cadigan Law Firm, P.C.
3840 Masthead NE
Albuquerque, New Mexico 87109
Attorney for Plaintiff

*/s/ Charlotte Lamont*

Firmwide:142072274.1 085922.1001

**EXHIBIT 3**

STATE OF STATE COURT
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

ROBERT CARRILLO,

                 Plaintiff,                     D-307-2016-01718

vs.                                      Honorable James T. Martin

INFORMATION INNOVATORS, INC., a
Virginia Corporation,

                 Defendant.

## NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION

**TO:**   **CLERK OF THE STATE OF NEW MEXICO, COUNTY OF DONA ANA, THIRD JUDICIAL DISTRICT**

     **PLEASE TAKE NOTICE** that the above-captioned action, filed in the State of New Mexico, County of Dona Ana, Third Judicial District, entitled *Robert Carrillo v. Information Innovators, Inc.*, has been removed to the United States District Court for the District of New Mexico.

     The Notice of Removal of the above-captioned action from the State of New Mexico, County of Dona Ana, Third Judicial District, to the United States District Court for the District of New Mexico, was filed on August 22, 2016. A true and correct copy of that Notice of Removal of Civil Action is attached as **Exhibit A**.

     **PLEASE TAKE FURTHER NOTICE** that the filing of Defendant's Notice of Removal of Civil Action with the Clerk of this Court effects the removal of this action in accordance with 28 U.S.C. § 1446(d).

     Respectfully submitted this 22nd day of August, 2016.

Respectfully submitted,

*/s/ Charlotte Lamont*
Charlotte Lamont
LITTLER MENDELSON, P.C.
201 Third St. NW, Suite 500
Albuquerque, NM 87102
505.944.9680 (Telephone)
505.944.9681 (Facsimile)
clamont@littler.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2016, a copy of the foregoing Notice of

Removal to Federal Court was filed with:

Third Judicial District Court
County of Dona Ana
201 Picacho Avenue
Las Cruces, NM 88005

With a copy served via U.S. Mail to:

Honorable James T. Martin
Third Judicial District
County of Dona Ana
201 Picacho Avenue, Division VI
Las Cruces, NM 88005

Michael J. Cadigan
Cadigan Law Firm, P.C.
3840 Masthead NE
Albuquerque, New Mexico 87109
Attorney for Plaintiff

*/s/ Charlotte Lamont*

Firmwide:142072257.1 085922.1001