UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ROBERT CARRILLO,

    Plaintiff,

v.                                                                                      Civ. No. 16-948 MCA/GJF

INFORMATION INNOVATORS INC.,

    Defendant.

## ORDER SETTING PRETRIAL DEADLINES AND BRIEFING SCHEDULE

The Court held a Rule 16 initial scheduling conference on **November 15, 2016**. The case is hereby assigned to a standard 180-day case-management track. Additionally, the Joint Status Report filed by Defendants, after consultation with the parties, is adopted as an order of the Court, except as provided below.

Plaintiff shall have until **December 15, 2016**, to add parties to this suit or to amend pleadings. Defendant shall have until **January 17, 2017**,[1] to do the same.

Each party shall be limited to serving on any other party **twenty-five (25)** interrogatories, requests for admission, and requests for production. Depositions shall be limited to **five** per side. There shall be a four-hour limit on all non-party depositions and a seven-hour limit on all party depositions. These time limits may be extended by agreement of all parties.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); FED. R. CIV. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). Plaintiff shall identify to Defendants in writing any expert witness to be used by Plaintiff at trial and provide expert

---

[1] During the Rule 16 hearing in this case, several dates were discussed that fall on dates the Court is closed. Therefore, where disputes exist between the Court's minutes and this Order, this Order shall control.

1

reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **February 22, 2017**.  Defendants shall identify in writing any expert witness to be used at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **March 27, 2017**.

The termination date for discovery is **May 1, 2017**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline.  A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.  The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **May 15, 2017**.  Local Rule of Civil Procedure 7 provides motion practice requirements and timing of responses and replies.  *See* D.N.M.LR-Civ. 7.  This deadline shall not be construed to extend the twenty-day time limit in Local Rule of Civil Procedure 26.6.[2]

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **June 19, 2017**.  Local Rule of Civil Procedure 7 shall also control their form and timing.  *See id.*  Any pretrial motions, other than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

---

[2] Of course, Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions.  The mere imminence of the twenty-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute.  Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the Local Rule 26.6 deadline.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.

Motion practice must be conducted in accordance with the Local Rules. In particular, the Court would highlight Local Rule of Civil Procedure 7.4, which provides that response and reply deadlines "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period." D.N.M.LR-Civ. 7.4(a). Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.*

Counsel are directed to submit a consolidated final pretrial order as follows: Plaintiff to Defendants on or before **July 17, 2017**; Defendants to Court on or before **July 31, 2017**. Counsel are directed that the pretrial order will provide that no witnesses except rebuttal witnesses, whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE